UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Devitt Burry,
            Plaintiff

v.

CACH, LLC, et. al.,
            Defendant(s)

Case No. 1:15-00366WYD-CBS

MOTION FOR VOLUNTARY DISMISSAL
PURSUANT TO F.R.C.P. 41(a)(2)

Now comes the Plaintiff seeking an Order of Court to grant voluntary dismissal pursuant to Rule 41(a)(2) in the above-captioned matter, and it support thereof states as follows:

1. Prior to the filing of this Motion, efforts were made to otherwise withdraw the case voluntarily, but Parties have been unable to agree on terms.

2. Plaintiff moves for voluntary dismissal for reason of the economic disadvantage relative to the Defendant that has become apparent as the case has progressed and the impact that disadvantage is having on Plaintiff's ability to try the case.

3. Plaintiff further moves for dismissal in exercise of a right arising under Rule 11(c)(2) within the past 21 days of the filing of this motion.

4. There are no counterclaims to Plaintiff's claims which could not be tried independently and Defendant will not suffer any 'legal prejudice' from a dismissal.

Wherefore, Plaintiff requests an Order of Court granting a voluntary dismissal of all his claims.

Dated: April 28, 2015

ATTORNEY FOR PLAINTIFF

/s/ Vicki Piontek

_____
Vicki Piontek  PA ID #83599
Piontek Law Office
 951 Allentown Rd.
Lansdale, PA  19446
P: 215-290-6444
F: 866-408-6735
E: vicki.piontek@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Devitt Burry,
          Plaintiff

v.

CACH, LLC, et. al.,
          Defendant(s)

Case No. 1:15-00366WYD-CBS

MEMORANDUM OF LAW

In Barela v. Falk, (D. Colo., Civil Action No. 12-cv-01447-BNB)(Exhibit A), this Court analyzed the appropriate considerations for reviewing a motion for voluntary dismissal: "Generally speaking, "absent 'legal prejudice' to the defendant, the district court normally should grant [ ] a dismissal [under Rule 41(a)(2)]." UnitedGlobalcom, Inc. v. McRann, No. 01-cv-02354-EWN-MJW, 2007 WL 915495, at *9 (D. Colo. Mar. 23, 2007), citing Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal quotation marks omitted)." (Id. page 4)

The Court then reviewed the factors used to guide the Court in determining proper terms for a non-suit:

> Although "legal prejudice" is not a clearly defined term, the Tenth Circuit has promulgated certain factors to consider in analyzing whether a defendant or respondent will suffer from legal prejudice. UnitedGlobalcom, Inc., No. 01-cv-02354-EWN-MJW, 2007 WL 915495, at *9. The factors include (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation. Id. (citing Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996).

Id.

Factors 1, 2 and 4 all relate to prejudice suffered by the opposing party from a late attempt to withdraw the case, and Plaintiff's Motion to non-suit this case comes in the early stages of the proceedings.

Plaintiff's claims here rests on a simple proposition: Although a debt collector is authorized under the Fair Credit Reporting Act to request a copy of a consumer's report in connection with collecting the debt, it must do so in a manner which does not violate the Fair Debt Collection Practices Act.

Hard inquires made of a consumer's credit report reflect attempts by the consumer to access credit, and each inquiry has a negative impact on consumer's score.  Plaintiff asserts that if a debt collector has access to that same information in a way that does not affect a credit score and emblazon the name of the debt collector within the report (the soft inquiry), it must make use of that other method.  To suggest otherwise raises the question of whether a debt collector would have the right to do daily inquiries "for skip tracing" without regard to destruction of a consumer's credit rating solely because it has a "permissible purpose."  While Plaintiff's argument is novel in the sense that there is no controlling authority to be found which even approaches the issue, its lacks neither logic nor good faith.

That notwithstanding, regarding factor 3 and the explanation for requesting dismissal, as indicated prior, this Motion is made in exercise of Plaintiff's rights having recently arisen under F.R.C.P 11(c)(2)'s "safe harbor" provision.

Lastly, Plaintiff urges that in setting the terms of a dismissal pursuant to Rule 41(a)(2) that the dismissal be given without imposition of attorney fees to either party.  The context of this Motion is not unlike a similar motion and Order reviewed

by the Court of Appeals in Aerotech, Inc. v. Estes, 110 F.3d 1523 (U.S. App., 10th Cir., April 11, 1997). In that case, the Court held that the District Court had adopted the correct application of the law in declining to award attorney fees or other sanction: "Today, we continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." Id. at 1528.

With or without prejudice, any dismissal here effectively is "with prejudice" as there is now a bar to re-filing the suit given that the one-year statute of limitations on the claim has run.

Respectfully,

/s Vicki Piontek
_____
Vicki Piontek  PA ID #83599
Piontek Law Office
 951 Allentown Rd.
Lansdale, PA  19446
P: 215-290-6444
F: 866-408-6735
E: vicki.piontek@gmail.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion with Memorandum of Law and Proposed Order was served upon all Parties pursuant to D.C.COLO.LCivR 5.1 relating to service of documents filed electronically.

/s Vicki Piontek
_____
Vicki Piontek