**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00366-WYD

DEVITT BURRY, §
    Plaintiff, §
 §
v. §
 §
CACH, LLC and §
XYZ CORPORATIONS, §
    Defendants §

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS**

Defendant CACH, LLC hereby responds to Plaintiff's Motion to Dismiss and states the following:

**A. Dismissal Should Be With Prejudice**

1. Defendant agrees that this action should be dismissed. However, it does not agree that dismissal should be without prejudice nor does it believe that the parties should each bear their own costs.

2. Plaintiff complains of conduct by Defendant's law firm, Mandarich Law Group, in obtaining his consumer report. Although Defendant asserts that Plaintiff's suit is groundless in fact and law, the fact remains that the actions complained of occurred on September 4, 2012, and May 13, 2013. *See* Document 18-1 in the PACER docket for this case. The FDCPA has a one-year statute of limitations. 15 U.S.C. § 1692k(d). Dismissal of this action will render the claims asserted by Plaintiff time-barred; therefore, the dismissal the

dismissal order should state that dismissal is with prejudice, since that will be the legal effect of dismissing the claims.

3. On April 23, 2015, Defendant's attorney transmitted to Plaintiff's attorney a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. That motion was transmitted prior to filing in accordance with the requirements of Rule 11(c)(2). Defendant concedes that Rule 11 specifically contemplates that an attorney may dismiss a suit during the Rule 11 safe harbor period and thereby avoid liability under that rule. However, it is inequitable to allow Plaintiff's attorney to utilize the safe harbor option of dismissal and then secure dismissal without prejudice and with the parties to bear their own costs.

**B. Costs Should Be Taxed Against Plaintiff**

4. Fed. R. Civ. P. 54(d) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." The Tenth Circuit has stated that "a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice." *Cantrell v. Int'l Brotherhood of Elec. Workers*, 69 F.3d 456, 456 (10th Cir. 1995) (*en banc*). *See, also, Gwin v. Am. River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. Ill. 2007)(different facts, but stating that "a voluntary dismissal without prejudice renders the opposing party a 'prevailing party'").

5. Defendant incurred costs to remove this case to federal court, and it asserts that those costs should be taxed against Plaintiff.

**C. The Proposed Order Improperly Addresses Fees**

6. Finally, Defendant's objects to the attempt by Plaintiff to slip into the proposed order a provision that the parties will bear their own fees. Defendant's answer prayed for fees and costs, and Plaintiff should not receive an order addressing fees when that issue has not yet been placed before the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court dismiss Plaintiff's claims with prejudice, rather than without, and that it order all costs taxed against Plaintiff.

                Respectfully submitted,

                /s/ Manuel H. Newburger
                    Manuel H. Newburger
                    Col. Reg. 41635
                    Barron & Newburger, P.C.
                    1212 Guadalupe, Suite 104
                    Austin, Texas 78701-1837
                    (512) 476-9103
                    Fax: (512) 279-0310
                    mnewburger@bn-lawyers.com

                    ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true copy of the foregoing Response was served on the persons on the service list below by email on the 1st day of May, 2015.

/s/ Manuel H. Newburger
Manuel H. Newburger

**SERVICE LIST**

Vicki Piontek, Esquire
951 Allentown Road
Lansdale, PA 19446
877-737-8617
Fax: 866-408-6735
vicki.piontek@gmail.com

Jonathan J. Greystone, Esquire
Spector Gadon & Rosen P.C.
1635 Market Street
7th Floor
Philadelphia PA 19103
Direct Phone:  +1 215-241-8927
Direct Fax:  +1 215-531-9140
jgreystone@lawsgr.com